OPINION
Defendant-appellant, George L. Dingess, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of carrying a concealed weapon, in violation of R.C. 2923.12; one count of having a weapon while under disability, in violation of R.C. 2923.13; and one count of possession of cocaine, in violation of R.C. 2925.11, with a firearm specification pursuant to R.C. 2941.141, and sentencing him accordingly.
By indictment filed April 2, 2001, appellant was charged with the above counts. After entering a not guilty plea to all of the counts, appellant proceeded to a jury trial. Before trial, appellant sought the suppression of all evidence found as the result of a warrantless search of appellant. The trial court denied that motion. A jury found appellant guilty of all three counts and he was sentenced accordingly by the trial court.
Appellant appeals, assigning the following error:
 The trial court erred by overruling a motion to suppress evidence illegally seized in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Section 14, Article I, of the Ohio Constitution.
Appellant's single assignment of error alleges that the trial court erred in denying his motion to suppress. In reviewing a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Curry (1994), 95 Ohio App.3d 93, 96. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Schiebel (1990),55 Ohio St.3d 71, 74. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627.
On the night of September 21, 2000, members of the Columbus Police Department's Narcotics Bureau were executing a search warrant at 1690 East Mound Street in Columbus, Ohio. That address is one unit in a multi-unit apartment building. The specific unit, 1690, is the second apartment from the east end of the building. During the execution of the search warrant, one of the officers, Officer Sandford ("Sandford"), was assigned the role of "containment officer." He was to go to the rear of the apartment building to make sure that no one exited the "target apartment." As Sandford was headed to the rear of the building, he encountered appellant on a sidewalk on the east side of the apartment building. At that time, Sandford identified himself as a police officer and told appellant three times to get down on the ground. According to Sandford, appellant turned around and looked at him, reached into the waistband in the front of his pants, and then made a throwing motion. Sandford saw a dark object leave appellant's hand and immediately heard a thud. When he heard the thud, Sandford believed that the object appellant threw was a gun.
After following appellant as he walked to the back steps of 1690, appellant finally complied with Sandford's request to get down and was secured by a second officer. Sandford then went back to the area where appellant had made the throwing motion and found a loaded nine-millimeter handgun. Subsequently, appellant was searched by officers who found crack cocaine in appellant's socks. Appellant sought to suppress that evidence, contending that the police officers did not have probable cause to perform a warrantless search. The trial court found probable cause for the search based upon appellant's actions of reaching into his waistband and throwing something away, which sounded like a gun when it hit the ground. Therefore, appellant's motion to suppress was denied.
Both the Fourth Amendment to the United States Constitution, and Section 14, Article I of the Ohio Constitution require government officials to procure a warrant based on probable cause prior to conducting searches. In light of this constitutional authority, warrantless searches have been held to be per se unreasonable, subject to a number of well-recognized exceptions. Katz v. United States (1967),389 U.S. 347, 357. The state bears the burden of proving that one of these exceptions applies in order for evidence seized as a result of a warrantless search to survive a motion to suppress. State v. Jackson (1996), 110 Ohio App.3d 137, 141.
One such exception to the warrant requirement is a search incident to a lawful custodial arrest. Chimel v. California (1969), 395 U.S. 752. Pursuant to Chimel, a law enforcement officer may conduct a warrantless search of both the arrestee and the area within the individual's immediate control whenever the search is incident to a lawful arrest. Id. at 763. This exception allows law enforcement officers to discover and remove weapons, as well as seize evidence, to prevent its destruction or concealment. Id. A search incident to arrest not only is an exception to the warrant requirement but, also, is a "reasonable" search pursuant to the Fourth Amendment of the United States Constitution. United States v. Robinson (1973), 414 U.S. 218. The Ohio Supreme Court adopted the reasoning set forth in both Chimel and Robinson when it decided State v. Mathews (1976), 46 Ohio St.2d 72.
Therefore, if appellant was properly placed under arrest, a warrantless search of appellant is reasonable and constitutional. Chimel, supra. Appellant was arrested without a warrant. A warrantless arrest is valid if the arresting officer possessed probable cause to believe that the suspect committed an offense. Beck v. State of Ohio (1964), 379 U.S. 89,91; State v. Otte (1996), 74 Ohio St.3d 555, 559. In determining whether probable cause to arrest existed, a reviewing court should examine the "totality of the circumstances." Illinois v. Gates (1983), 462 U.S. 213,230-231. Probable cause to arrest exists if all the facts and circumstances within the officer's knowledge were sufficient to cause a prudent person to believe that the individual has committed or was committing an offense. Ornelas v. United States (1996), 517 U.S. 690,696; State v. Heston (1972), 29 Ohio St.2d 152, 155-156; State v. Ingram (1984), 20 Ohio App.3d 55, 61.
Sandford testified that appellant was originally arrested for carrying a concealed weapon. The carrying a concealed weapon statute, R.C.2923.12(A), provides that "[n]o person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance." In this case, appellant was encountered by a police officer and was told to get down. Instead of getting down, appellant turned towards the officer. At that time, the officer testified that he did not see any weapon in appellant's pants. Appellant then reached into the front of his pants and threw a dark object away. The police officer then heard a thud, which convinced him that appellant had thrown a gun. Given the totality of these circumstances, probable cause did exist for the officer to believe that appellant had committed the crime of carrying a concealed weapon prior to his arrest, thereby allowing a search incident to that valid arrest. State v. Thornton (2001), Montgomery App. No. 18545.
Appellant contends that another police officer testified that appellant was arrested only after he was searched. That officer did testify that he felt appellant was arrested after the crack cocaine was found. However, that officer came upon the scene after Sandford witnessed appellant throwing a gun. As previously noted, appellant was under arrest for carrying a concealed weapon before the search took place. Regardless, an arresting officer's subjective belief is not material to the legality of an arrest. State v. Stringer (1999), Scioto App. No. 97CA2506. The correct standard is whether there was an objective justification for the arrest. State v. Deters (1998), 128 Ohio App.3d 329,333. As set forth above, the totality of the circumstances indicated that there was probable cause to arrest appellant for carrying a concealed weapon.
Because probable cause supported appellant's arrest for carrying a concealed weapon, the search after that arrest was permissible as a search incident to a lawful arrest. Robinson, supra. Therefore, any evidence found during that search was admissible and the trial court did not err in overruling appellant's motion to suppress. Appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and BRYANT, JJ., concur.